UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                                    :
JEANNETTE WOODBURY,                 :
                                                    :
        Plaintiff,                                :
                                                    :
        v.                                        :        Civil Action No. _____
                                                    :
BIO-DETEK INCORPORATED            :
                                                    :
        Defendant.                             :
                                                    :
                                                    :
_____:

**NOTICE OF REMOVAL**

Defendant Bio-Detek Incorporated ("Defendant"), files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441 and 1446 and hereby removes this action from the Superior Court of the State of Rhode Island, Providence County to the United States District Court for the District of Rhode Island.  As its reasons for removal, Defendant states:

**BACKGROUND**

1.     By Summons and Complaint, Plaintiff Jeannette Woodbury ("Plaintiff") commenced a civil action against Defendants in Providence County Superior Court titled Jeannette Woodbury v. Bio-Detek, Incorporated, C.A. No. PC 2018-0190 (the "Superior Court Action").  True and correct copies of the Summons and Complaint that Plaintiff caused to be served upon Defendant is attached as Exhibit A and constitutes all processes, pleadings and orders served upon Defendant in this action to the present date.  28 U.S.C. § 1446(a).

2.     Defendant was served with the Summons and Complaint in the Superior Court Action on April 18, 2918.  The instant Notice of Removal is being filed within 30 days of the date on which Defendant was served with the Summons and Complaint in the Superior Court

Action.  28 U.S.C. § 1446(b).

3.       Attached as <u>Exhibit B</u> is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the Providence County Superior Court.   28 U.S.C. § 1446(d).

## DIVERSITY JURISDICTION

4.       This Court has diversity jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

5.       Plaintiff alleges she currently resides in South Carolina, and formerly resided in Rhode Island.  Compl. ¶ 6.

6.       Defendant is incorporated under the laws of the Commonwealth of Massachusetts, maintains its corporate headquarters in Chelmsford, Massachusetts, and thus is a citizen of Massachusetts.

7.       Although the Complaint does not specify the precise amount of damages sought, the amount in controversy in this case exceeds $75,000.

8.       Plaintiff seeks to recover lost wages and benefits, Compl. at 8, ¶ (d), damages for compensatory and pecuniary losses, Compl. at 8, ¶ (e), damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, <u>id.</u>, attorneys' fees and costs, Compl. at 8, ¶ (g), and punitive damages, Compl. at 8, ¶ (f).

9.       Inasmuch as Plaintiff claims she was constructively discharged on or about July 20, 2016, Compl. ¶¶ 30-31, her back pay claim, using an anticipated trial date of July 2020, amounts to more than $75,000.

10.       The statutes under which Plaintiff seeks redress; specifically, R.I. Gen. Laws §§

2

28-5-1 et seq. and R.I. Gen. Laws §§ 42-112-1 et seq., permit an award of compensatory damages for emotional pain and suffering.  Such damages can be considered for purposes of determining the amount in controversy.  See Penalver v. Northern Elec., Inc., 2012 U.S. Dist. LEXIS 53662, at *8 (S.D. Fla. Apr. 17, 2012); Toglan v. Marriott Int'l, Inc., 2011 U.S. Dist. LEXIS 91313, at *12 (D. Mass. Aug. 15, 2011); Antonucci v. Cherry Hill Manor, 2006 U.S. Dist. LEXIS 65921, at *6 n.1 (D.R.I. Aug. 22, 2006); Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 65 (D.R.I. 2002).

11.     The statutes under which Plaintiff seeks redress; specifically, R.I. Gen. Laws §§ 28-5-1 et seq. and R.I. Gen. Laws §§ 42-112-1 et seq., permit an award of punitive damages. Punitive damages can also be considered for purposes of determining the amount in controversy under 28 U.S.C. § 1332.  See Penalver, 2012 U.S. Dist. LEXIS at *9; Toglan, 2011 U.S. Dist. LEXIS at *12; Antonucci, 2006 U.S. Dist. LEXIS at *6 n.1.

12.     In addition, the statutes under which Plaintiff seeks redress; specifically, R.I. Gen. Laws §§ 28-5-1 et seq. and R.I. Gen. Laws §§ 42-112-1 et seq., permit an award of attorneys' fees to a prevailing party.  Attorneys' fees can be considered in determining the amount in controversy under 28 U.S.C. § 1332.  See Penalver, 2012 U.S. Dist. LEXIS at *10; Toglan, 2011 U.S. Dist. LEXIS at *12; Antonucci, 2006 U.S. Dist. LEXIS at *6 n.1.

13.     Because the requirements for diversity jurisdiction are satisfied, this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. § 1332(a).  The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

**<u>REMOVAL TO THIS DISTRICT IS PROPER</u>**

14.     This Notice of Removal is being filed in the District of Rhode Island, the District Court of the United States for the district and division within which the Superior Court Action is

3

pending.  28 U.S.C. §§ 1441(a) and 1446(a).

WHEREFORE, Defendant respectfully requests that the Superior Court Action be removed and hereinafter proceed in the United States District Court for the District of Rhode Island.

Respectfully submitted,

BIO-DETEK INCORPORATED,

By its attorneys,

/s/Jillian S. Folger-Hartwell
Jillian S. Folger-Hartwell (#6970)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI  02903
(401) 824-2500
(401) 454-2969 (fax)
jfolgerhartwell@littler.com

Dated: May 8, 2018

## CERTIFICATE OF SERVICE

I, Jillian S. Folger-Harwell, hereby certify that a true and accurate copy of the foregoing Notice of Removal was filed electronically by operation of the Court's CM/ECF System and served electronically as identified on the Notice of Filing as well as via first class mail upon the following counsel of record on this 8th day of May, 2018:

Richard J. Savage, Esq.
Savage & Savage
156 Airport Road
Warwick, RI 02889
richard@savageandsavage.com

/s/Jillian S. Folger-Hartwell
Jillian S. Folger-Hartwell

4